UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABG INTERMEDIATE HOLDINGS 2, LLC and ABG-SPG ES, LLC,

                            Plaintiffs,

       -against-

BOLT FINANCIAL, INC.,

                            Defendant.

No. 22-CV-00473(LAK)

**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

---

Pursuant to Federal Rule of Civil Procedure 26(f)(3), Plaintiffs ABG Intermediate Holdings 2, LLC and ABG-SPG ES, LLC (together, "ABG") and Defendant Bolt Financial, Inc. ("Bolt") submit the following joint report and discovery plan.

1.    This action primarily concerns the parties' dispute over three written agreements concerning the development and delivery of a new online checkout and customer loyalty platform known as "AllPass," which would integrate Bolt's software with the websites and mobile applications used by ABG's brand partners.  The parties intend to litigate, *inter alia*, whether Bolt breached the parties' agreements and whether ABG is entitled to exercise its rights to purchase up to 5% of Bolt's equity pursuant to such agreements.

2.    The parties conducted their Rule 26(f) conference on March 11, 2022.

3.    The parties stipulate to exchange the initial disclosures required by Rule 26(a) on or before April 8, 2022.  The disclosures shall contain the information identified in Rule 26(a)(1) and shall be supplemented as required by Rule 26(e)(1).  The parties do not seek any changes to the disclosure requirements under Rule 26(a), apart from their timing.

4.    The parties incorporate the February 2, 2022 Scheduling Order (ECF No. 5) by

reference.  In addition, the parties agree that they shall produce documents on a rolling basis and substantially complete document production on or before May 20, 2022.  The parties may agree to extend the substantial completion deadline if it proves to be unworkable, and any party may seek leave of the Court to change any of the above dates for good cause.

5. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The parties have not agreed to expand the limits on certain discovery imposed by the Federal Rules of Civil Procedure, but with respect to depositions, the parties agree to meet and confer in good faith in the future if any party believes that additional depositions would result in the discovery of relevant evidence and be proportional to the needs of the case.  ABG anticipates that it will need to take more than ten depositions, but is willing to meet and confer on that issue at the appropriate time.  Neither party waives the right to seek leave of Court for additional depositions.

6. ABG intends to seek discovery on, *inter alia*, the following topics: (a) the negotiation, drafting, performance, and interpretation of the parties' agreements (including the Program Agreement, Warrant, Operating Agreement, and Referral Agreement); (b) the history of the AllPass project; (c) attempts to implement Bolt's products on ABG Brand Partner e-commerce platforms; (d) Bolt's development of Bolt+ and any agreements Bolt has entered into regarding that product; (e) Bolt's discussions with Shopify regarding AllPass and/or a broader Bolt-Shopify agreement; (f) Bolt's marketing materials, investor communications, and other documents referencing ABG or its brand partners in connection with Bolt's attempts to raise capital or sell its products and services; (g) Bolt's disclosures to third parties regarding ABG, AllPass, and the parties' relationship; (h) the meaning and calculation of GMV Contribution and Bolt's representations regarding the status of GMV Contribution at various points in time; (i) damages,

including the value of the Shares subject to purchase by ABG under the Warrant; and (j) other subjects alleged in the Amended Complaint.

7. Bolt intends to seek discovery on, *inter alia*, the following topics: (a) the negotiation, drafting, and performance of the parties' agreements (including the Program Agreement, Warrant, Operating Agreement, and Referral Agreement); (b) the history of the AllPass project; (c) attempts to implement Bolt's products on ABG Brand Partner e-commerce platforms; (d) ABG's efforts to enroll its brand partners in the AllPass Program; (e) ABG's evaluation of its intent and ability to exercise the Warrant to purchase Bolt's equity; (f) compensation received by ABG under the Referral and Program Agreements; (g) the ownership of the trademarks ABG contends are at issue in the case; (h) ABG's purported damages; and (i) other subjects alleged in the First Amended Complaint.

8. The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI") and an appropriate stipulated protective order for the exchange of confidential information.

9. Consistent with Local Rule 26.2(c), the parties agree to exchange "categorical" privilege logs, subject to each party's reservation of rights to seek supplemental information as to particular documents, subjects, time periods, or individuals. In addition, the parties agree that attorney-client privileged communications and/or documents protected by the work product doctrine that were created on or after November 29, 2021 (the date on which the original Complaint was filed) do not need to be included on a privilege log.

10. The parties intend to jointly propose an order under Federal Rule of Evidence 502(d).

11. The parties do not request that the Court issue any other orders under Rule 26(c) or

Rule 16(b)-(c) at this time.

Dated: March 25, 2022                    Respectfully Submitted,

          **CADWALADER, WICKERSHAM & TAFT LLP**

          By:   /s/ *Nicholas A. Gravante, Jr.*
                 Nicholas A. Gravante, Jr.
                 William J. Natbony
                 Aaron C. Lang
                 Matthew M. Karlan
                 200 Liberty Street
                 New York, New York 10281
                 Tel.: (212) 504-6000
                 Fax: (212) 504-6666

          *Attorneys for Plaintiffs ABG Intermediate Holdings 2, LLC and ABG-SPG ES, LLC*

Dated: March 25, 2022

          **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

          By:   /s/ *Adam Wolfson*
                 Richard I. Werder, Jr.
                 Adam Wolfson
                 Victoria Parker
                 Phillip B. Jobe
                 51 Madison Avenue, 22nd Floor
                 New York, New York 10010
                 Tel.: (212) 849-7000

          *Attorneys for Defendant Bolt Financial, Inc.*