UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABG INTERMEDIATE HOLDINGS 2, LLC and ABG-SPG ES, LLC,

                        Plaintiffs,

-against-

BOLT FINANCIAL, INC.,

                        Defendant.

No. 22-CV-00473(LAK)

---

## CONFIDENTIALITY AGREEMENT AND STIPULATED [PROPOSED] PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs ABG Intermediate Holdings 2, LLC and ABG-SPG ES, LLC and Defendant Bolt Financial, Inc. (each a "Party" and collectively, the "Parties") that this Confidentiality Agreement and Stipulated Protective Order ("Protective Order") shall govern the disclosure and use of all documents and information produced by the Parties and non-Parties in the above-captioned action ("Action") ("Discovery Material").

**1.  CONFIDENTIALITY DESIGNATIONS**

1.1  <u>Confidential</u>: Any Party or non-Party (the "Designating Party" or "Producing Party") may, subject to the provisions of this Protective Order, designate as CONFIDENTIAL any Discovery Material that the Designating or Producing Party reasonably and in good faith believes reflects currently confidential or proprietary business information or personal information that the Designating or Producing Party would not normally reveal to third parties or would cause third

Case 1:22-cv-00473-LAK   Document 42   Filed 06/01/22   Page 2 of 15
Case 1:22-cv-00473-LAK   Document 39   Filed 05/27/22   Page 2 of 15

parties to maintain in confidence, and thus requires the protections provided by this Protective Order.

1.2  Highly Confidential: Any Party or non-Party (the "Designating Party" or "Producing Party") may, subject to the provisions of this Protective Order, designate as HIGHLY CONFIDENTIAL any Discovery Material the disclosure of which the Designating or Producing Party reasonably and in good faith believes would create a serious risk of financial, competitive, or other injury that cannot be avoided by less restrictive means, and thus requires the heightened protections provided by this Protective Order.

## 2. MANNER AND FORM OF DESIGNATION

2.1  The designation of Discovery Material as Confidential or Highly Confidential for purposes of the Protective Order shall be made in the following manner:

2.2  Documents: In the case of documents, including exhibits, briefs, memoranda, interrogatories or other written material, whether in paper, PDF, TIFF, or other form (apart from depositions or other pretrial testimony): (i) by marking or stamping the legend "Confidential" or "Highly Confidential" on the first page of the document and on each page or portion thereof so designated; or (ii) in the case of ESI produced as an electronic native file, by including the confidentiality designation in the file.

2.3  Testimony: In the case of depositions or other pretrial testimony: (i) by a statement on the record by counsel at the time of such disclosure or before the conclusion on the deposition; or (ii) by written notice, sent to all Parties within 30 business days of the conclusion of the deposition or other pre-trial testimony. All transcripts of testimony shall presumptively be treated as Confidential for 30 business days after the conclusion of the deposition or other pre-trial testimony. If the designation is made during the course of the deposition, the court reporter shall

place the appropriate legend on the cover of the transcript, and on each page containing testimony that has been designated as Confidential or Highly Confidential. The court reporter shall also be advised to limit distribution of the transcripts to the deponent (or his or her outside attorney) and outside counsel for the Parties. The Parties may modify this procedure for any particular deposition by agreement, whether stated on the deposition record or not, without further order of the Court. Whether designated at the time of the deposition or thereafter, the Designating Party shall instruct the court reporter to mark the original and all copies of each transcript page that contains any Confidential or Highly Confidential information. The Designating Party shall also instruct the court reporter to mark the cover of each deposition transcript accordingly.

3.  **LIMITATION ON ACCESS TO CONFIDENTIAL AND HIGHLY CONFIDENTIAL DISCOVERY MATERIAL**

    3.1  <u>Persons Authorized to Access Confidential Material</u>: Discovery Material designated as "Confidential" may be disclosed, summarized or otherwise communicated, in whole or in part, only to the following persons, who may make use of such information only in connection with this Action:

    3.1.1  Outside counsel to any Party and their regular and temporary employees to whom it is reasonably necessary to disclose the information for this litigation;

    3.1.2  The Parties, including their in-house counsel, officers, directors, partners, and/or employees to whom it is reasonably necessary to disclose the information for this litigation and who have agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

    3.1.3  Any Party's insurers as necessary to evaluate the case for purposes of settlement or determining potential liability, and only if such insurer has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

3.1.4 The Court or any other court before which this Action is pending, including any Court personnel;

3.1.5 Outside experts (including their employees) or independent consultants (including their employees) to the Parties, to the extent necessary for such expert or independent consultant to advise or assist counsel in connection with the Action, and only if such expert or consultant: (i) is using such information solely in connection with the Action; (ii) has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A; (iii) is not a current employee of a retaining Party or an opposing Party's competitor; and (iv) at the time of retention, is not anticipated to become an employee of a retaining Party or an opposing Party's competitor;

3.1.6 Any non-party deposition or trial witness or individual believed in good faith to be a potential witness, in connection with preparation of that witness to testify, where such counsel believes in good faith that such disclosure is reasonably necessary to prepare the witness to testify or be questioned, but only if the witness or potential witness has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

3.1.7 Any deposition, evidentiary hearing, or trial witnesses and their counsel during the course of depositions or other testimony in this Action; provided, however, that the persons identified in this subparagraph will not be permitted to retain copies of such "Confidential" Discovery Material;

3.1.8 Court reporters employed in connection with this Action, in the performance of their official duties, including stenographic and video court reporters engaged for the purpose of discovery proceedings;

3.1.9 The jury or other trier of fact;

3.1.10 Translators who are not employed by or otherwise affiliated with any of the Parties, but are retained to provide or review translations of foreign-language documents for the purpose of this Action, but only if the translator has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A hereto;

3.1.11 Outside photocopying, imaging, database graphics, design services or other vendors retained by counsel, to the extent necessary to assist such counsel in this Action, but only if the vendor has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A.

3.1.12 Any person not described above who is clearly identified in the pertinent Discovery Material as, or is otherwise agreed by the Parties to be, an author or a recipient of such Discovery Material; and

3.1.13 Any other person upon such terms and conditions as the Parties may from time to time explicitly agree or as the Court may hereafter by order direct.

3.2   Persons Authorized to Access Highly Confidential Material:

3.2.1 Outside counsel to any Party and their regular and temporary employees to whom it is reasonably necessary to disclose the information for this litigation;

3.2.2 Each party may designate in writing no more than five (5) employees who may review Highly Confidential Material solely for purposes of assisting with the prosecution or defense of this litigation and in accordance with the terms of this Protective Order. Each employee so designated shall execute the certification contained in Exhibit A to this Order prior to viewing any Highly Confidential material. Any Party may amend its respective list of designated employees by providing notice via email to the other party. The initial list of designated individuals pursuant to this section shall be, (a) for Plaintiffs: Adam Kronengold, Alex

Baillargeon, Daniel Dienst, Jay Dubiner and Steven Fivel; and (b) for Defendant: Ryan Loh, Michael Moloney, Justin Grooms, Greg Greiner, and Kristi Burton.

        3.2.3   Any Party's insurers as necessary to evaluate the case for purposes of settlement or determining potential liability, and only if such insurer has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

        3.2.4   The Court or any other court before which this Action is pending, including any Court personnel;

        3.2.5   Outside experts (including their employees) or independent consultants (including their employees) to the Parties, to the extent necessary for such expert or independent consultant to advise or assist counsel in connection with the Action, and only if such expert or consultant: (i) is using such information solely in connection with the Action; (ii) has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A; (iii) is not a current employee of a retain Party or an opposing Party's competitor; and (iv) at the time of retention, is not anticipated to become an employee of a retaining Party or an opposing Party's competitor;

        3.2.6   Court reporters employed in connection with this Action, in the performance of their official duties, including stenographic and video court reporters engaged for the purpose of discovery proceedings;

        3.2.7   The jury or other trier of fact;

        3.2.8   Translators who are not employed by or otherwise affiliated with any of the Parties, but are retained to provide or review translations of foreign-language documents for the purpose of this Action, but only if the translator has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A hereto;

3.2.9    Outside photocopying, imaging, database graphics, design services or other vendors retained by counsel, to the extent necessary to assist such counsel in this Action, but only if the vendor has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A.

3.2.10  Any person not described above who is clearly identified in the pertinent Discovery Material as, or is otherwise agreed by the Parties to be, an author or a recipient of such Discovery Material; and

3.2.11  Any other person upon such terms and conditions as the Parties may from time to time explicitly agree or as the Court may hereafter by order direct.

3.3    <u>Storage of Discovery Material Designated Confidential or Highly Confidential</u>: Discovery Material bearing a confidentiality designation must be stored and maintained by the Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.    **AGREEMENT MUST BE SIGNED BEFORE DISCLOSURE**

4.1    Any person appropriately designated pursuant to sections 3.1 or 3.2 that is required to execute a Non-Disclosure Agreement in the form annexed as Exhibit A shall do so prior to the disclosure of any Confidential or Highly Confidential Material. In the event that a non-party witness who has been compelled to provide deposition testimony refuses to sign a copy of Exhibit A when a Party believes it is necessary for such a person or entity to review Confidential or Highly Confidential Material, to prepare for a deposition or to be questioned at a deposition, the Parties shall engage in good faith negotiations to attempt to reach a resolution of the issue.

4.2    A Party may request production of the signed Exhibit A of an expert witness prior to service of that Party's expert witness disclosure pursuant to Rule 26(a)(2) upon a Party's

7

identification of a good faith basis for a conclusion that disclosure is necessary due to a potential violation of terms restricting the use or dissemination of Confidential or Highly Confidential Material. In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Material until the newly joined party or its counsel has executed and, if requested by a Party, filed with the Court its agreement to be fully bound by this Protective Order.

**5.   COURT FILINGS**

5.1   Any court filing containing, paraphrasing, summarizing, or otherwise disclosing Confidential or Highly Confidential Material must be filed under seal in compliance with the Local Rules of the United States District Court for the Southern District of New York and Judge Kaplan's Individual Rules. Prior to filing under seal, the filing Party must meet and confer with the Producing or Designating Party to discuss whether filing under seal can be avoided—through de-designation of the material or otherwise.

**6.   MANNER AND METHOD OF PRESENTATION AT TRIAL**

6.1   This Protective Order does not govern the use of Confidential or Highly Confidential Material at trial. The Parties will meet and confer on an appropriate protocol for the use of such Discovery Materials at Trial.

6.2   A Receiving Party who seeks to file with the Court any Discovery Material which has previously been designated as comprising or containing Confidential or Highly Confidential Material, or any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential or Highly Confidential Material shall file the document, pleading, brief or memorandum on the CM/ECF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing").

7. **CONFLICTING DESIGNATIONS**

7.1 In the event that two produced documents contain identical or substantially similar content, but only one includes a confidentiality designation, the other documents shall be deemed to include the same confidentiality designation. Similarly, in the event two substantially similar documents include differing confidentiality designations (*i.e.*, one designated Confidential and the other designated Highly Confidential), both documents will be deemed to include a Highly Confidential designation.

7.2 Any Party seeking to add new confidentiality designations to previously produced Discovery Material shall provide written notice via e-mail to the other Parties and/or Producing Parties.

7.3 If a Party disagrees as to whether the documents contain identical or substantially similar content, the objecting Party must serve by e-mail written notice on the other Parties articulating its objections with particularity, within ten (10) business days of the date of the initial notice issued pursuant to 7.2 above. If the parties cannot agree, the objecting Party may seek Court relief.

7.6 If a dispute is raised under this section, the Discovery Material at issue shall be treated as Confidential or Highly Confidential (as designated) until the dispute is resolved.

8. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1 The following procedures shall apply to any disputes arising from the designation of Discovery Material as Confidential or Highly Confidential pursuant to this Protective Order.

8.2 If a Receiving Party in good faith disagrees with the Designating Party's designation, it shall inform counsel for the Designating Party in writing, served by e-mail, of the

objection, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

      8.3    Upon written notification that a Party disagrees with a confidentiality designation, counsel for the Receiving Party and the Designating Party will confer in a good faith effort to resolve the dispute without Court intervention. If the dispute is not resolved, the objecting Party may invoke the Court rules and procedures for raising discovery disputes. The Designating Party shall bear the burden of proving that information has been designated properly as Confidential or Highly Confidential Material.

      8.4    If a discovery dispute is raised under this paragraph, the Discovery Material subject to dispute shall be treated as Confidential or Highly Confidential (as designated) until the dispute is resolved.

## 9. USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL

      9.1    No Party may use another Party's or Designating Party's Confidential or Highly Confidential Discovery Material for any purpose other than litigating the Action and any appeals therefrom.

      9.2    This Protective Order has no effect upon, and shall not apply to, the Designating Party's use of its own Confidential or Highly Confidential Material for any purpose.

## 10. NO WAIVER

      10.1    Entering into, agreement to, producing or receiving Confidential or Highly Confidential Material under or otherwise complying with this Protective Order shall not:

          10.1.1 Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

        10.1.2 Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any specific Discovery Material;

        10.1.3 Prevent any Party from objecting to the admissibility of any Discovery Material or other evidence; or

        10.1.4 Operate as an admission by any Receiving Party that any particular Discovery Material contains or reflects trade secrets, proprietary or any other type of confidential information.

## 11. DISCLOSURE PURSUANT TO SUBPOENA

    11.1 If a Receiving Party (a) is subpoenaed in another action; (b) is served with a demand in another action in which it is a party; or (c) is served with any legal process by one not a Party to this Action seeking Discovery Material that was produced or designated as "Confidential" or "Highly Confidential" by someone other than the Receiving Party, the Receiving Party shall give prompt written notice at least five (5) business days prior to the deadline to object to or otherwise oppose such subpoena, demand, or legal process, to the Designating Party's undersigned counsel so that the Designating Party has an opportunity to seek relief from the subpoena, document demand or legal process. The Party receiving the subpoena shall not produce Discovery Material that is designated as "Confidential" or "Highly Confidential" without written consent of the Designating Party absent an order by a court of competent jurisdiction.

## 12. DUTY TO RETURN OR DESTROY DOCUMENTS

    12.1 Within forty-five (45) days after receiving notice of the entry of a final, non-appealable order, judgment, or decree finally disposing of the Action, all Receiving Parties shall, at the Producing or Designating Party's election, either return the Discovery Material and all copies to counsel for the Producing or Designating Party at the Producing or Designating Party's expense,

or certify in writing to counsel for the Producing or Designating Party that such Discovery Material has been destroyed. Counsel shall make reasonable efforts to ensure that all experts and consultants it has retained abide by this provision. Outside counsel for the Parties shall be entitled to retain copies of redacted and unredacted documents filed with the Court, trial transcripts and attorney-work product.

**13.  JURISDICTION**

13.1  The Parties hereto consent to the entry of a Protective Order governing the exchange of Confidential or Highly Confidential Material substantially identical to this Protective Order, in any jurisdiction in which process is issued to require the production of documents or testimony from a nonparty, in the event that such non-party requests that a Protective Order and Order concerning confidentiality be entered.

13.2  The Parties agree to be bound by the terms of this Protective Order upon its execution and pending its entry by the Court, and any violation of the Protective Order's terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court, unless the Court refuses to enter the Protective Order substantially in the form agreed to by the Parties.

13.3  This Protective Order applies retroactively to any Confidential or Highly Confidential Material produced prior to the signing of this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action, unless otherwise agreed to in writing.

13.4  If the Action is remanded to the Commercial Division of the Supreme Court of New York State for lack of subject matter jurisdiction, the duty to destroy or return documents within forty-five (45) days (discussed in Section 12.1) is not triggered. Further, the Parties shall work

Case 1:22-cv-00473-LAK   Document 39   Filed 05/27/22   Page 13 of 15

together to have that Court enter a substantially similar protective order and, until then, abide by the terms of this Protective Order.

13.5 Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

SO STIPULATED AND AGREED
DATED: May 27, 2022

/s/ *Nicholas A. Gravante, Jr.*
Nicholas A. Gravante, Jr.
William J. Natbony
Matthew M. Karlan
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, New York 10281
Tel.: (212) 504-6000
Fax: (212) 504-6666

*Attorneys for Plaintiffs ABG Intermediate Holdings 2, LLC and ABG-SPG ES, LLC*

/s/ *Adam Wolfson*
Richard I. Werder, Jr.
Adam Wolfson
Victoria Parker
Phillip B. Jobe
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849-7000

*Attorneys for Defendant Bolt Financial, Inc.*

**SO ORDERED.**

Dated: _____

_____
**THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE**

Notwithstanding anything to the contrary herein:

1. Any papers filed under seal in this action shall be made part of the public record on or after 5/31/27 unless the Court otherwise orders.

2. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: 5/31/22

Lewis A. Kaplan
United States District Judge

14

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABG INTERMEDIATE HOLDINGS 2, LLC and ABG-SPGES, LLC,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>BOLT FINANCIAL, INC.,<br><br>　　　　　　　　　　　　　Defendant. | No. 22-CV-00473(LAK) |

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

　　　　I, _____ [full name], have read the Protective Order and Order Governing Confidential and Highly Confidential Discovery Material (the "Protective Order") in the above-captioned matter. I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Protective Order and this Agreement. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any Confidential or Highly Confidential Material (as those terms are defined in the Protective Order) or any words, substances, summaries abstracts, or indices of Confidential or Highly Confidential Material disclosed to me, and I shall use Confidential or Highly Confidential Material only for purposes of the above-referenced action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose. I will return all Confidential and Highly Confidential Material and any words, substances, summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for party by whom I am employed or retained. I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____　　　　　　　_____

Printed Name: _____　　　　　　　_____

Date: _____　　　　　　　_____

City and State Where Sworn and Signed: _____